Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request, pursuant to A.C.A. § 7-9-107 (Repl. 1993), for certification of a popular name and ballot title for a proposed amendment to the Arkansas Constitution. You previously submitted a popular name and ballot title for a similar measure which resulted in my issuance of Opinion 99-258. In that Opinion, I stated that I was unable to certify a popular name and ballot title for your measure due to a number of unresolved ambiguities in the text of your proposed amendment. You have made changes to your text since the issuance of Opinion 99-258, and now submit the following new proposed popular name and ballot title for my certification:
 POPULAR NAME
GAMBLING AS A LOCAL MEASURE ON THE REGULAR GENERAL ELECTION BALLOT
 BALLOT TITLE AMENDMENT TO PROVIDE ANYONE OR GROUP THE RIGHT TO INITIATE AND PETITION THE LEGAL VOTERS OF A COUNTY OR MUNICIPALITY WITH A MUNICIPAL POPULATION GREATER THAN TEN THOUSAND WHOLELY [SIC] SEPARATE FROM THE COUNTY TO ACCEPT OR REJECT BY THE LEGAL VOTERS OF THE COUNTY OR MUNICIPALITY PAY TO PLAY BINGO AND RAFFLES BY NON PROFIT ORGANIZATIONS, OR THE BUSINESS OPERATION OF PAY TO PLAY CASINO GAMBLING IN HOTELS WITH NO LESS THAN TEN THOUSAND SQUARE FEET OF ENCLOSED FLOOR SPACE OF WHICH NO MORE THAN TEN PERCENT OF THE OVER ALL ENCLOSED FLOOR SPACE MAY BE USED FOR GAMBLING WITH GAMES OF CHANCE AND SKILL, BUT SHALL NOT INCLUDE PAY TO PLAY BINGO AND RAFFLES, OR PAY TO PLAY CASINO GAMBLING ON WATER VESSELS NO LESS THAN ONE HUNDRED FEET IN LENGTH ON NAVIGABLE WATER WAYS AND PUBLIC LAKES WITH GAMES OF CHANCE AND SKILL, BUT SHALL NOT INCLUDE PAY TO PLAY BINGO AND RAFFLES, OR PAY TO PLAY OFF TRACK PARA MUTUAL [SIC] WAGERING EACH AS A WHOLELY [SIC] SEPARATE LOCAL COUNTY OR MUNICIPAL BALLOT MEASURE ON THE REGULAR GENERAL ELECTION BALLOT; TO PROVIDE THE SEPARATION OF THE COUNTY FROM A MUNICIPALITY WITH A MUNICIPAL POPULATION GREATER THAN TEN THOUSAND HAVING ACCEPTED OR REJECTED A GAMBLING MEASURE BY THE LEGAL VOTERS ON THE REGULAR GENERAL ELECTION BALLOT; TO PROVIDE NO PROVISIONS TO THE MATTER OF TAXATION BY THE COUNTIES, AND OR MUNICIPALITIES AND SHALL RESERVE THAT RIGHT OF TAXATION TO THE JURISDICTION OF THE COUNTIES AND OR MUNICIPALITIES IN ACCORDANCE WITH THE RESPECTIVE LAWS GOVERNING TAXATION; TO PROVIDE A TWO THIRDS MAJORITY OF THE MEMBERS OF BOTH HOUSES OF THE GENERAL ASSEMBLY TO ENACT ANY FURTHER LAWS REGULATING AND OR TAXING GAMBLING; TO PROVIDE THE STATE, COUNTIES, AND MUNICIPALITIES TO MAKE ANY FURTHER LAWS AND ORDINANCES NOT HEREIN INCLUDED AND SHALL RESERVE THAT RIGHT OR JURISDICTION RESPECTIVELY TO THOSE GOVERNING AUTHORITIES; TO PROVIDE FOR THE REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so; or if the proposed popular name and ballot title are sufficiently misleading, he may reject the entire petition.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must again reject your proposed ballot title due to several ambiguities in the text of your proposed measure. There are a number of additions or changes to your ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107
(b).
The following ambiguities in your measure must be clarified before I can perform my statutory duty:
 1. Section (1), subsections (a) and (b) state, with regard to" casino gambling," that "[e]ach type of game . . . must be specifically named as a game of chance and skill on the initiative petition. . . ." I am uncertain what constitutes a "game of chance and skill." This particular language is not repeated in the following section. If this ambiguous language was inadvertent, it should be corrected.
 2. Section (1)(d) states, with regard to "off track para mutual wagering," that "the initiative petition must specify the type of businesses pay to play off track para mutual wagering may operate. . . ." This differs from a similar provision in Section (2)(d), which states that the initiative petition must specify the type of businesses that may operate pay to play off track para mutual wagering. . . ." I cannot determine the effect of Section (1)(d) on this point. Again, if the ambiguous language in Section (1)(d) was inadvertent, this should be corrected.
 3. I am uncertain as to the precise meaning of Section (3), which is entitled "SEPARATION OF COUNTY AND MUNICIPALITIES." The wording of this provision is very confusing. Your proposed ballot title on this point simply states:
 TO PROVIDE THE SEPARATION OF THE COUNTY FROM A MUNICIPALITY WITH A MUNICIPAL POPULATION GREATER THAN TEN THOUSAND HAVING ACCEPTED OR REJECTED A GAMBLING MEASURE BY THE LEGAL VOTERS ON THE REGULAR GENERAL ELECTION BALLOT[.]
 This ballot title language suggests that no county gambling measure will be effective in a municipality that has accepted "a gambling measure." It also suggests that no county gambling measure will be effective in a municipality that has rejected "a gambling measure." This is misleading, assuming that I have properly gleaned the intent of Section (3), because it fails to inform the voter in clear terms that any county gambling measure will be effective within the municipality as long as the municipal voters did not have a separate vote on that particular measure. This includes, as I understand it, any "specified games of chance and skill," i.e., if the municipal voters reject, for example, a casino gambling measure naming a specific game or games of chance and skill but the county voters enact a casino gambling measure naming different games, the county-enacted measure, including the specified games, will be effective within the municipality.
 The ballot title is thus insufficient in this regard. The failure to plainly state the effect of Section (3) in the ballot title will, in my judgment, be a serious omission. As noted, however, it is very difficult to determine the precise import of this section based upon the current text. The ambiguity could, I believe, be resolved by redesigning Section (3).
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General